1  PHILIP A. MCLEOD, CASB No. 101101
   philip.mcleod@kyl.com
2  NATHAN R. JASKOWIAK, CASB No. 248007
   nathan.jaskowiak@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  450 Pacific Avenue
   San Francisco, California  94133
5  Telephone:     (415) 398-6000
   Facsimile:     (415) 981-0136
6
   Attorneys for Defendant
7  JPMORGAN CHASE BANK, N.A.

8

9               **UNITED STATES DISTRICT COURT**

10              **NORTHERN DISTRICT OF CALIFORNIA**

11

12 MICHAEL L. KATSCH,                    )  Case No. 5:14-cv-04730-HRL
                                         )
13                        Plaintiff,     )  **DEFENDANT'S NOTICE OF MOTION AND**
                                         )  **MOTION TO DISMISS; MEMORANDUM**
14          vs.                          )  **OF POINTS AND AUTHORITIES IN**
                                         )  **SUPPORT THEREOF**
15 JP MORGAN CHASE, a Delaware Limited   )
   Liability Company and DOES 1 through 25, )  Date:     December 9, 2014
16 inclusive,                            )  Time:     10:00 a.m.
                                         )  Place:    Courtroom 2, 5th Floor
17                        Defendant.     )
                                         )
18                                       )
                                         )
19 _____)

20 **TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

21        **PLEASE TAKE NOTICE** that on December 9, 2014 at 10:00 a.m., or as soon thereafter as

22 the matter may be heard in the Courtroom of the Honorable Howard R. Lloyd (San Jose Courthouse,

23 Courtroom 2, 5th Floor, 280 South 1st Street, San Jose, CA 95113), JPMORGAN CHASE BANK,

24 N.A. ("Chase" or "Defendant") will move for an order dismissing the Complaint of Plaintiff

25 MICHAEL L. KATSCH ("Mr. Katsch" or "Plaintiff").

26        The Motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and is

27 made on the basis that all of Plaintiff's claims fail to state a claim upon which relief may be granted.

28 This Motion is based on the following:  this Notice and Motion, the attached Memorandum of Points

- 1 -

KYL_SF657989

1  and Authorities, the operative complaint, the concurrently filed Request for Judicial Notice and

2  exhibits thereto, and on other argument and evidence as may be presented to the Court at the hearing

3  on this Motion.

4

5  DATED:  October 29, 2014                    /s/ Nathan R. Jaskowiak _____

6                                             PHILIP A. MCLEOD
                                             NATHAN R. JASKOWIAK

7                                             KEESAL, YOUNG & LOGAN
                                             Attorneys for Defendant

8                                             JPMORGAN CHASE BANK, N.A.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KYL_SF657989

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF – CASE NO. 5:14-cv-04730-HRL

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Through his Complaint, Plaintiff seeks to stop Chase from lawful foreclosure proceedings on his mortgage loan that has been in default for over four years.  In November 2004, Plaintiff obtained a residential loan (the "Loan") in the amount of $333,700 from Washington Mutual Bank ("WaMu").  The Loan was secured by a Deed of Trust encumbering property located at 1486 Jenner Court, Hollister, California 95023 (the "Subject Property").  In 2008, Chase acquired the Loan and Deed of Trust when WaMu went into receivership.  In 2009, Plaintiff defaulted on the Loan.  Almost three years later, in July 2012, a Notice of Default and Election to Sell was recorded with respect to the Subject Property.  In September 2014, Plaintiff filed this case.

Plaintiff's Complaint purports to set forth claims of negligence, unfair business practices, and declaratory relief under the theory that Chase allegedly failed to negotiate with Plaintiff in good faith in connection with his late 2009 request for a loan modification.  (Complaint, ¶ 21.)  However, Plaintiff filed his Complaint well over four years later in September 2014.  To the extent Plaintiff had any claim based on his alleged request for a loan modification, the statute of limitation has long since run on a negligence claim (two year statute of limitations), an unfair business practices claim (four year statute of limitations), or a claim for declaratory relief (two or four year statute of limitations).  C.C.P. § 335.1; Cal. Bus. &. Prof. Code § 17208; *Mangini v. Aerojet-General Corp.*, 230 Cal. App. 3d 1125, 1155 (1991) (holding that the statute of limitations for a declaratory relief claim is the same as the legal claim on which the request for declaratory relief is based).

Plaintiff's Complaint also fails for numerous other reasons.  His attempt to state a negligence claim fails because the law is clear that financial institutions owe no duty of care to a borrower when the institution's involvement in the loan does not exceed the scope of its conventional role as a lender of money.  *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991).  His unfair business practices claim fails because he is unable to identify any unfair, unlawful, or fraudulent conduct by Chase.   Cal. Bus. & Prof. Code § 17200.  Finally, his declaratory relief claim fails because the underlying negligence and unfair business claims on which it is based fail.  *City of*

1    *Cotati v. Cashman*, 29 Cal. 4th 69, 80 (2002).

2        Accordingly, for these reasons and the reasons discussed below, Chase requests that Plaintiff's

3    Complaint be dismissed with prejudice and without leave to amend.

4

5    **II.    STATEMENT OF FACTS**

6        **A.    Plaintiff's Factual Allegations**

7        Plaintiff alleges that he is the owner of property located at 1486 Jenner Court, Hollister,

8    California 95023 (the "Subject Property").  (Complaint, ¶ 8.)  In 2004, he obtained a loan for

9    $337,000 from WaMu secured by a Deed of Trust.  (Complaint, ¶¶ 8-9.)  Plaintiff alleges that Chase

10   acquired WaMu's assets in 2008 and incorrectly alleges that "Chase is legally required to step directly

11   in the shoes of WaMu, to take the place of WaMu, and to remain fully liable for all torts, breaches of

12   contract, and other [sic] committed by WaMu."  (Complaint, ¶ 11.)  He further alleges that in late

13   2009, he requested a loan modification from Chase and that Chase committed negligence in

14   connection with this alleged request for a loan modification by failing to negotiate in good faith.

15   (Complaint, ¶ 21.)  He also alleges that Chase had a "duty to provide him with mortgages and rates

16   that were not predatory as well as loan documents that are not unconscionable" and that Chase

17   allegedly breached that duty and committed negligence by doing so.  (Complaint, ¶ 22.)  He further

18   alleges that the alleged foregoing conduct was a violation of California Business & Professions Code

19   § 17200.  (Complaint, ¶ 26.)  Finally, Plaintiff seeks a declaratory relief that Chase has no interest in

20   the property. (Complaint, ¶ 37.)

21       **B.    Request for Judicial Notice**

22       In addition to the allegations in the Complaint, Chase requests that the Court take judicial

23   notice of the following events that occurred with respect to the Subject Property and Chase.

24       On November 9, 2004, a Deed of Trust encumbering the Subject Property was recorded in the

25   Santa Benito County Recorder's Office as instrument number 2004-0020239.  This Deed of Trust

26   related to a loan that Plaintiff received from Washington Mutual Bank ("WaMu") in the amount of

27   $333,700 which was evidenced by a promissory note that was signed by Plaintiff (the "WaMu Note").

28   *See* Request for Judicial Notice ("RJN"), Exhibit A.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF – CASE NO. 5:14-cv-04730-HRL

On September 25, 2008, the Federal Deposit Insurance Corporation ("FDIC") and Chase entered into a Purchase and Assumption Agreement ("P&A Agreement") through which Chase purchased certain assets of WaMu from the FDIC.  *See* RJN Exhibit B.

On May 8, 2012, a Corporate Assignment of Deed of Trust was recorded in the Santa Benito County Recorder's Office on May 8, 2012 as instrument number 2012-0004240 by which the Deed of Trust was assigned from WaMu to Chase.  *See* RJN Exhibit C.

On July 3, 2012, after Plaintiff failed to make required payments due under the WaMu Note, a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") was recorded with respect to the Subject Property as instrument number 2012-0006130.  *See* RJN Exhibit D.

On October 4, 2012, after Plaintiff failed to cure the default on the WaMu Note, a Notice of Trustee's Sale was recorded with respect to the Subject Property in the Santa Benito County Recorder's Office as instrument number 2012-0009376.  *See* RJN Exhibit E.

On September 26, 2013, after Plaintiff continued to fail to cure the default on the WaMu Note, a Notice of Trustee Sale was recorded in the Santa Benito County Recorder's Office as instrument number 2013-0010218.  *See* RJN Exhibit F.

On February 20, 2014, a Substitution of Trustee with respect to the Subject Property was recorded in the Santa Benito County Recorder's Office as instrument number 2014-0001338 through which ALAW was substituted as Trustee of the Deed of Trust.  *See* RJN Exhibit G.

On February 27, 2014, after Plaintiff continued to fail to cure the default on the WaMu Note, a Notice of Trustee Sale was recorded in the Santa Benito County Recorder's Office as instrument number 2014-0001515.  *See* RJN Exhibit H.

On September 2, 2014, after Plaintiff continued to fail to cure the default on the WaMu Note, a Notice of Trustee Sale was recorded in the Santa Benito County Recorder's Office as instrument number 2014-0006934.  *See* RJN Exhibit I.

## III.   LEGAL ARGUMENT

### A.   The Applicable Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the

KYL_SF657989

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF – CASE NO. 5:14-cv-04730-HRL

grounds that a complaint "fail[s] to state a claim upon which relief can be granted." In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Similarly, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *Id.* A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**B.    Plaintiff's Claims Are Time-Barred**

Plaintiff's claims relate to an alleged request for a loan modification in late 2009. (Complaint, ¶ 21.) However, Plaintiff did not file his Complaint until September 17, 2014, well over four years later. A claim for negligence has a statute of limitation of two years. C.C.P. § 335.1. A claim for unfair business practices under California Business and Professions Code § 17200 has a four year statute of limitations. Cal. Bus. &. Prof. Code § 17208. Finally, a claim for declaratory relief has a statute of limitations based on the underlying legal claim on which the request is based. *Mangini v. Aerojet-General Corp.*, 230 Cal. App. 3d 1125, 1155 (1991) ("[T]he statute of limitations governing a request for declaratory relief is the one applicable to an ordinary legal or equitable action based on the same claim.") Accordingly, the statute of limitations on each of Plaintiff's three claims has run.

Accordingly, for these reasons, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**C.    Plaintiff's Claim For Negligence Fails To State A Claim Upon Which Relief May Be Granted**

Under California law, the elements of a claim for negligence are that: (1) defendant had a legal duty to plaintiff, (2) defendant breached this duty, (3) defendant was the proximate and legal cause of plaintiff's injury, and (4) plaintiff suffered damage. *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 500 (2001). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096

KYL_SF657989

1    (1991).  Indeed, "[l]iability to a borrower for negligence arises only when the lender actively

2    participates in the financed enterprise beyond the domain of the usual money lender."  *Id.* (internal

3    quotations omitted).  Additionally, a trustee under a deed of trust "is not a true trustee with fiduciary

4    duties, but rather a common agent for the trustor and beneficiary."  *Kachlon v. Markowitz,* 168 Cal.

5    App. 4th at 316, 335 (Cal. Ct. App. 2008).  The trustee "has only two duties: (1) to foreclose the deed

6    of trust upon default, or (2) when the secured debt is satisfied to convey the deed of trust to the

7    borrower."  *Vogan v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 132944, at *9-10 (E.D. Cal.

8    Nov. 17, 2011).  Simply put, Plaintiff is unable to establish that either Chase owed him a duty of care.

9        Here, Plaintiff claims that Chase committed negligence by allegedly failing to negotiate in

10   good faith with him regarding an alleged request for a loan modification in late 2009. (Complaint, ¶

11   21.)  He also alleges that Chase had a "duty to provide him with mortgages and rates that were not

12   predatory as well as loan documents that are not unconscionable" and that Chase allegedly breached

13   that duty and committed negligence by doing so.  (Complaint, ¶ 22.)  However, pursuant to the

14   foregoing authority, Chase cannot be held liable under these circumstances.

15       Accordingly, for these reasons, Plaintiff's claim for negligence fails to state a claim upon

16   which relief may be granted.

17       **D.    Plaintiff's Claim Under Business And Professions Code § 17200 Fails To State A**
         **Claim Upon Which Relief May Be Granted**
18

19       Plaintiff's attempt to state a claim under California Business & Professions Code § 17200 fails

20   because he lacks standing to assert such a claim and because he fails to allege the essential elements of

21   such a claim.

22           **1.    <u>Plaintiff Lacks Standing To Bring A Section 17200 Claim</u>**

23       A § 17200 claim can be brought only by a person who has "lost money or property as a result

24   of the unfair competition."  Cal. Bus. & Prof. Code § 17204.  California courts have held that this

25   requires a plaintiff to make a two-fold showing in which the plaintiff "(1) establish[es] a loss or

26   deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and

27   (2) show[s] that the economic injury was the result of, i.e., caused by, the unfair business practice . . .

28   that is the gravamen of the claim."  *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 322 (2011) (emphasis

- 7 -

in original).

Here, Plaintiff claims that the purported failure to negotiate in good faith in connection with his request for a load modification was a violation of § 17200.  (Complaint, ¶ 27.)  However, Plaintiff has failed to adequately allege any "loss of derivation of money or property" as a result of this alleged failure to negotiate in good faith.  Even if Plaintiff had adequately alleged injury (which he did not), Plaintiff fails to allege that the injury was caused by Chase's conduct, as opposed to Plaintiff's own actions.  Pursuant to the terms of the DOT, Plaintiff's default gave rise to the NOD that was recorded in connection with the Subject Property.  Furthermore, Plaintiff cannot demonstrate the required "deprivation of money or property sufficient to qualify as injury in fact" because no sale has occurred with respect to their property.  In other words, fatally absent from the Complaint are any allegations that Plaintiff suffered any injury in connection with the purported violation of § 17200.

### 2. Plaintiff Fails To State Facts Sufficient To Constitute The Essential Elements Of A Section 17200 Claim

To state a § 17200 claim, a plaintiff must allege that a defendant engaged in business conduct that was unfair, unlawful, or fraudulent.  Cal. Bus. & Prof. Code § 17200.  Each type of claim requires the plaintiff to allege a different set of essential elements.  Here, Plaintiff fails to allege the essential elements of any type of Section 17200 claim.

### a. Plaintiff Fails To State Facts Sufficient To Constitute An Unlawful Business Practice

A business practice is "unlawful" under Section 17200 only if it violates an underlying state or federal statute or common law.  *Fortaleza v. PNC Fin. Serv. Group, Inc.*, 642 F. Supp. 2d 1012, 1019 (N.D. Cal. 2009).  To state a claim for an unlawful business practice, a plaintiff must therefore state with reasonable particularity the facts supporting the statutory elements of the violation and/or facts which demonstrate that the practice violates the underlying law or "borrowed claim."  *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993); *People v. McKale*, 25 Cal. 3d 626, 635 (1979).

Here, Plaintiff fails to adequately allege any violation of an underlying state or federal statute or common law.  Rather, Plaintiff vaguely alleges that Chase failed to negotiate with him in good faith in connection with an alleged request for a loan modification.

///

- 8 -

KYL_SF657989

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 5:14-cv-04730-HRL

Accordingly, to the extent Plaintiff's § 17200 claim is premised on an alleged unlawful business practice, it should be dismissed.

### b.   Plaintiff Fails To State Facts Sufficient To Constitute A Claim For A "Fraudulent" Business Practice

A claim for a fraudulent business practice under § 17200 must satisfy the heightened pleading requirements for fraud claims. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). However, Plaintiff's § 17200 claim lacks this necessary particularity as he merely alleges a purported failure to negotiate in good faith with him.

Accordingly, to the extent § 17200 claim is premised on an alleged fraudulent business practice, it should be dismissed.

### c.   Plaintiff Fails To State Facts Sufficient To Constitute A Claim For An "Unfair" Business Practice

To state a claim for an "unfair" business practice, a plaintiff must plead that "(1) the consumer injury is substantial, (2) the injury is not outweighed by any countervailing benefits to consumers or competition, and (3) the injury is one that consumers themselves could not reasonably have avoided." *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1254–55 (2009). Plaintiff's allegation that Chase purportedly failed to negotiate with him in good faith is inadequate to constitute an "unfair" business practice. Furthermore, Plaintiff fails to allege that his purported "injury" is not outweighed by a countervailing benefit or that his injury could not have been avoided. Accordingly, to the extent Plaintiff's § 17200 claim is premised on an alleged unfair business practice, it should be dismissed.

Accordingly, for these reasons, Plaintiff's claim under § 17200 fails to state a claim upon which relief may be granted.

### E.   Plaintiff's Claim For Declaratory Relief Fails To State A Claim Upon Which Relief May Be Granted

Plaintiff's third claim seeks a determination, among other things, that Chase has no legal right to the property and that Plaintiff is not in default on the Loan at issue. (Complaint, ¶ 37.) "[A] request for declaratory relief will not create a cause of action that otherwise does not exist." *City of Cotati v. Cashman*, 29 Cal. 4th 69, 80 (2002). "Rather, 'an actual, present controversy must be pleaded specifically' and 'the facts of the respective claims concerning the [underlying] subject must

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 5:14-cv-04730-HRL

1   be given.'" *Id.*  Where a plaintiff fails to state any claims, there is no "actual and present

2   controversy," and a claim for declaratory relief must be dismissed.  *See Phat Ngoc Nguyen v. Wells*

3   *Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1038 (N.D. Cal. 2010).  *See also Progeny Ventures, Inc. v.*

4   *Western Union Fin. Servs.*, 752 F. Supp. 2d 1127, 1135 (C.D. Cal. 2010) (holding that declaratory

5   relief is a remedy and not a cause of action, and that a claim for declaratory relief cannot survive

6   without other viable claims).  Since neither of Plaintiff's other two causes of action (negligence and

7   unfair business practices) state a viable claim, Plaintiff's declaratory relief claim necessarily fails.

8         Accordingly, for these reasons, Plaintiff's claim for Declaratory Relief fails to state a claim

9   upon which relief may be granted.

10        **F.       Chase Cannot Be Liable For Alleged Conduct Committed By WaMu**

11        Plaintiff alleges that "Chase is legally required to step directly in the shoes of WaMu, to take

12  the place of WaMu, and to remain fully liable for all torts, breaches of contract, and other [sic]

13  committed by WaMu."  (Complaint, ¶ 11.)  However, he fails to identify any alleged torts committed

14  by WaMu.  More importantly, even if Plaintiff did identify alleged torts committed by WaMu, the law

15  is clear that Chase cannot be held liable for them.  According to Articles 2.1 and 2.5 of the P&A

16  Agreement through which Chase acquired WaMu's assets, the parties agreed that Chase's assumption

17  of responsibility for loans originating at WaMu was extremely limited:

18        **Borrower Claims**.  Notwithstanding anything to the contrary in this
          Agreement, any liability associated with borrower claims for payment of
19        or liability to any borrower for monetary relief, or that provide for any
          other form of relief to any borrower, whether or not such liability is
20        reduced to judgment, liquidated or unliquidated, fixed or contingent,
          matured or unmatured, disputed or undisputed, legal or equitable,
21        judicial or extra-judicial, secured or unsecured, whether asserted
          affirmatively or defensively, related in any way to any loan or
22        commitment to lend made by [WaMu] prior to failure, or to any loan
          made by a third party in connection with a loan which is or was held by
23        [WaMu], or otherwise arising in connection with [WaMu's] lending or
          loan purchase activities are specifically ***not assumed*** by [Chase].

24

25  *See* RJN Ex. F, Art. II, § 2.5.)  Under the P&A Agreement: (1) Chase assumed ***no liability*** related to

26  servicing loans, but rather retained all "servicing rights and obligations," (RJN, Ex. F, Art. II, § 2.1);

27  and (2) Chase specifically declined the assumption of any "borrower claims" "arising in connection

28  with [WaMu's] lending . . . activities," which includes loan servicing activities, (*Id.*, Art. II, § 2.5).

Courts have recognized that Chase "*expressly disclaimed assumption of liability arising from borrower claims*. . . . [the P&A Agreement] leaves the FDIC as the responsible party with respect to those claims." *Hilton v. Wash. Mut. Bank*, 2009 U.S. Dist. LEXIS 100441, at *8 (N.D. Cal. Oct. 28, 2009) (Illston, J.) (citations and quotation marks omitted) (emphasis added).  As a result of the disclaimer of liability, Courts have repeatedly held that borrowers like Plaintiff are precluded from asserting claims against Chase based on WaMu's conduct.  *See, e.g., Plummer Street Office LP v. JPMorgan Chase Bank*, 2012 U.S. App. LEXIS 1866 (9th Cir. Feb. 1, 2012) (*noting* "[Chase's] Assumption is subject to a caveat in the Agreement *expressly limiting* the rights of third parties." (*emphasis added*)); *Newbeck v. Wash. Mut. Bank*, 2010 U.S. Dist. LEXIS 92392, at *6 (N.D. Cal. Aug. 13, 2010) (dismissing UCL claim, among others, because "Plaintiff's claims are related to a loan that was held by Washington Mutual, [and Chase]'s agreement with the FDIC requires dismissal of Plaintiff's claims against it."); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 960 (N.D. Cal. 2010) ("[T]he FDIC is the appropriate party regarding any liability associated with borrower claims . . . .") (citation and quotation marks omitted) (dismissing claims, including breach of contract and UCL claims, against Chase relating to the origination of WaMu loan).

Accordingly, to the extent Plaintiff seeks to hold Chase liable for conduct committed before Chase purchased WaMu's assets on September 25, 2008, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**G.    Leave to Amend Would Be Futile**

"A district court does not err in denying leave to amend where the amendment would be futile or would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted); *see also Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Id.* at 214.  No amendment will permit Plaintiff to cure the deficiencies discussed above. Accordingly, leave to amend would be futile and Chase's motion to dismiss should be granted without leave to amend.

///

///

KYL_SF657989

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 5:14-cv-04730-HRL

1   **IV.    CONCLUSION**

2        For the foregoing reasons, Chase respectfully requests that the Court grant its Motion to

3   Dismiss in its entirety and dismiss the Complaint for failure to state a claim pursuant to Federal Rule

4   of Civil Procedure Rule 12(b)(6).

5

6   DATED:  October 29, 2014                    /s/ Nathan R. Jaskowiak _____
                                                PHILIP A. MCLEOD
7                                               NATHAN R. JASKOWIAK
                                                KEESAL, YOUNG & LOGAN
8                                               Attorneys for Defendant
                                                JPMORGAN CHASE BANK, N.A.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KYL_SF657989

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF – CASE NO. 5:14-cv-04730-HRL