United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHAEL KATSCH,

        Plaintiff,

    v.

JP MORGAN CHASE, a Delaware Limited Liability Company and DOES 1 through 25, inclusive,

        Defendants.

Case No. 5:14-cv-04730-BLF

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

[Re: ECF 11]

Plaintiff Michael L. Katsch ("Katsch") filed this action to stop Defendant JP Morgan Chase ("Chase") from foreclosing on his home following his default on a mortgage loan. Chase has filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

The Court has considered the complaint, briefing, and relevant legal authorities.[1] With respect to Katsch's late-filed opposition, the Court has accepted the explanation set forth in the declaration of Katsch's counsel and, in the exercise of its discretion, has excused the late filing. For the reasons discussed below, the motion to dismiss is GRANTED WITH LEAVE TO AMEND.

**I.   BACKGROUND**[2]

In 2004, Katsch obtained a mortgage loan in the amount of $333,700 from Washington Mutual Bank ("WAMU"). Compl. ¶¶ 8-10, ECF 1. WAMU subsequently was taken over by the Federal Deposit Insurance Corporation ("FDIC"), which sold certain of WAMU's assets – including

---

[1] On February 6, 2015, the Court ordered the motion submitted without oral argument. *See* Order of Feb. 6, 2015, ECF 26.

[2] The background facts are drawn from Plaintiff's factual allegations, which are accepted as true for purposes of the motion to dismiss, *see Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011), and from matters judicially noticeable. Chase requests judicial notice of several publicly recorded documents relating to the loan. *See* RJN, ECF 12. Katsch has neither opposed the request for judicial notice nor disputed the authenticity of the documents. The request for judicial notice is GRANTED. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (matters of public record subject to judicial notice).

Katsch's loan – to Chase. *Id.* ¶ 11; Def.'s RJN Exhs. B, C. In 2009, Katsch contacted Chase to request loan modification because the adjustable payments had become too large for him to manage. Compl. ¶ 21. A customer service representative told Katsch that he would have to be at least thirty days late on a loan payment to qualify for an assistance package. *Id.* Katsch then deliberately defaulted on his loan payment and called back. *Id.* That time a Chase representative told Katsch to send in his financial documents. *Id.* Katsch did so, but Chase never responded with either an approval or a denial of loan modification. *Id.* Katsch called Chase frequently for the next two and a half years. *Id.* Every few months, Chase stated that Katsch's documents had expired and that new documents were required. *Id.*

On July 3, 2012, Chase caused to be recorded a Notice of Default and Election to Sell under Deed of Trust. Def.'s RJN Exh. D, ECF 12. Upon receipt of the Notice of Default, Katsch filed a complaint with the Office of the Comptroller of the Currency ("OCC"), after which Chase called and informed Katsch that it would be investigating his file. Compl. ¶ 21. However, Chase never called him again. *Id.* When Katsch thereafter received a notice of trustee's sale, he contacted Chase and was told to resubmit his financial information, which he did immediately. *Id.* The sale of his home was cancelled and Katsch again waited for review of his file. *Id.* At that point, Katsch had submitted his financial information to Chase at least forty times and had called Chase more than 300 times. *Id.*

Subsequent notices of trustee's sale were recorded on September 26, 2013, February 27, 2014, and September 2, 2014. Def.'s RJN Exhs. F, H, and I, ECF 12. It is unclear from the record why multiple notices of sale were recorded. On September 17, 2014, Katsch filed this action in the San Benito County Superior Court, asserting claims for negligence, unfair business practices, and declaratory relief. On October 24, 2014, Chase removed the action to this Court on the basis of diversity of citizenship. The present motion to dismiss followed. Katsch represents in his opposition that the parties have stipulated that there will be no sale of the property until these judicial proceedings have been concluded. *See* Pl.'s Opp. at 2, ECF 20.

**II.     LEGAL STANDARDS**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

2

claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**III.   DISCUSSION**

   **A.   Claim 1 - Negligence**

In Claim 1, for negligence, Katsch alleges that "Defendants owed Plaintiff a duty to provide him with mortgages and rates that are not predatory, as well as loan documents that are not unconscionable." Compl. ¶ 22. He further alleges that "[a]s a result of Defendants' failure to negotiate a loan modification in good faith, Plaintiff has been forced to pay an excessively high interest rate every month in order to repay the subject loans" and that "Plaintiff also presently faces potential foreclosure in light of the recent notice of possible foreclosure Defendants have sent to Plaintiff." *Id.* ¶ 23. Finally, Katsch alleges that "[a]s a direct and proximate result of Defendants' negligence, Plaintiff suffered and continues to suffer actual damages and is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial." *Id.* ¶ 24.

Chase seeks dismissal of Claim 1 on the grounds that it did not owe Katsch a duty of care and that the claim is time-barred. In opposition, Katsch argues that Chase did owe him a duty of care but he ignores Chase's argument that the claim is time-barred. The statute of limitations appears to be dispositive. Under California law, a negligence claim must be brought within two

1  years of accrual. Cal. Civ. P. Code § 335.1. Katsch's claim is based upon Chase's conduct
2  commencing in 2009 and continuing "about 2 1/2 years." Compl. ¶ 21. The claim accrued at *latest*
3  when Katsch received the notice of default. The complaint does not allege the precise date that he
4  received the notice of default. However, the notice was recorded on July 3, 2012. Def.'s RJN Exh.
5  D, ECF 12. A reasonable inference is that the notice was served upon Katsch at that time. Katsch
6  did not file suit until more than two years later, on September 17, 2014.

Accordingly, the motion is GRANTED WITH LEAVE TO AMEND as to Claim 1. If Katsch chooses to amend the claim, he must allege facts showing that the claim is not time-barred – for example, that he received the notice of default less than two years before he filed this action.

### B.   Claim 2 - UCL

Claim 2 asserts violation of California's Unfair Competition Law ("UCL"). California Business & Professions Code § 17200 prohibits an individual or entity from engaging in an "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Because the statute is written in the disjunctive, it is violated where a defendant's act or practice violates any of the foregoing prongs." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012).

In addition to identifying a practice under one of the above prongs, a plaintiff must allege that he has suffered (1) economic injury (2) as a result of the practice. *See Kwikset Corp. v. Sup. Ct.*, 51 Cal. 4th 310, 323 (2011). Specifically, the plaintiff must allege that he "suffered injury in fact and has *lost money or property as a result of the unfair competition*." Cal. Bus. & Prof. Code § 17204 (emphasis added).

Chase seeks dismissal of Claim 2 on the grounds that it fails to state a claim and is time-barred. In opposition, Katsch argues that he has stated a UCL claim but, as with the negligence claim, he ignores Chase's argument that the claim is time-barred. The statute of limitations for a UCL claim is four years. *See* Cal. Bus. & Prof. Code § 17208. Because the complaint contains allegations regarding conduct by Chase within the four-year limitations period and the bases for Katsch's UCL claim are unclear, it is not apparent on the face of the complaint that the UCL claim is time-barred. However, as discussed below, the UCL claim does not set forth facts upon which

4

relief could be granted.

Katsch alleges that "[a]s more fully described above, the Defendants' acts and practices are likely to deceive, constituting an *illegal* business act or practice." Compl. ¶ 26 (emphasis added). To the extent that allegation is intended to assert a claim under the unlawful prong, Katsch has not identified the underlying violation of law. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) ("By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.") (internal quotation marks and citation omitted).

Katsch also alleges that, "[s]pecifically, the Defendants' failure to negotiate a loan modification in good faith with Plaintiff constitutes a *deceptive* business practices [sic]." Compl. ¶ 27 (emphasis added). To the extent that allegation is intended to assert a claim under the fraudulent prong, Katsch has not satisfied the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "'Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.'" *Kearns*, 567 F.3d at 1124 (quoting *Yess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

Finally, Katsch sets forth a lengthy paragraph describing Chase's alleged general improper foreclosure practices, including: filing affidavits not based upon personal knowledge; filing documents that were not properly notarized; initiating foreclosure proceedings without ensuring that the mortgage documents were properly endorsed and/or assigned; failing to devote sufficient resources to ensure proper administration of the foreclosure process; failing to utilize adequate oversight, internal controls, training, and the like in its foreclosure process; and failing to give sufficient oversight to outside counsel and third party providers handling foreclosure related services. Compl. ¶ 28. Katsch claims that "[a]ll of these [sic] conduct were [sic] to the detriment of mortgage holders throughout California, including Plaintiff." *Id.* However, he does not allege that any of the enumerated practices were used in his case.

Katsch not only fails to identify a practice under the unlawful, unfair, or fraudulent prongs,

5

he fails to allege facts showing that he has "lost money or property as a result of the unfair competition." The fact that Chase did not grant him loan modification is insufficient, as a lender has no obligation to grant modification even if the applicant is qualified. *See Mabry v. Sup.Ct.*, 185 Cal. App. 4th 208, 231 (2010) (no right to loan modification under California Civil Code § 2923.5); *Hoffman v. Bank of America, N.A.*, Case No. C-10-2171 SI, 2010 WL 2635773, at *5 (N.D. Cal. June 30, 2010) ("lenders are not required to make loan modifications for borrowers that qualify under HAMP").

Accordingly, the motion is GRANTED WITH LEAVE TO AMEND as to Claim 2. If Katsch chooses to amend the claim, he must identify with particularity a practice under the unlawful, unfair, or fraudulent prong and allege facts showing how the practice resulted in the loss of money or property.

### C. Claim 3 - Declaratory Relief

Claim 3 seeks declaratory relief that, among other things, "Plaintiff is the sole and true owners [sic] of the property" and Defendants "are without any legal or equitable right, title, estate, lien, or interest in the property sufficient to give them the legal rights they assert against Plaintiff." Compl. ¶ 37. Those conclusory allegations are contradicted by judicially noticeable documents showing that Chase acquired Katsch's loan from the FDIC, as receiver for WAMU. Plaintiff has failed to state a claim for relief that might call into question Chase's interest in the property.

Accordingly, the motion is GRANTED WITH LEAVE TO AMEND as to Claim 3.

### IV. ORDER

For the foregoing reasons,

(1) The motion to dismiss is GRANTED WITH LEAVE TO AMEND as to all claims;

(2) Plaintiff may file an amended complaint on or before March 3, 2015; and

(3) Leave to amend is limited to curing the defects noted herein; no new claims may be added without express leave of court.

Dated: February 9, 2015

BETH LABSON FREEMAN
United States District Judge