UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL L. KATSCH,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No.   14-cv-04730-BLF<br><br>**ORDER SUBMITTING MOTION TO DISMISS WITHOUT ORAL ARGUMENT AND VACATING HEARING ON MOTION; AND GRANTING MOTION TO DISMISS ACTION WITH PREJUDICE**<br><br>[RE: ECF 28] |

Presently before the Court is Defendant's motion to dismiss this action based upon Plaintiff's failure to file an amended pleading within the time provided by the Court. Defendant's motion was filed on March 12, 2015 and noticed for hearing on April 23, 2015. Any opposition to the motion was due on or before March 26, 2015. *See* Civ. L.R. 7-3(a) (opposition due fourteen days after motion is filed). Plaintiff has not filed opposition. Having determined that the motion is appropriate for disposition without oral argument, the Court hereby submits the motion and vacates the hearing. *See* Civ. L.R. 7-1(b).

**I.   BACKGROUND**

Plaintiff filed this action in the San Benito County Superior Court on September 17, 2014, seeking among other things an injunction preventing Defendant from foreclosing on his home. Notice of Removal, ECF 1. Plaintiff acknowledged in his complaint that he had defaulted on his home mortgage loan, but he asserted that Defendant was negligent in negotiating a loan modification in good faith and had engaged in unfair business practices in violation of California Business and Professions Code § 17200. *Id.* Following removal of the action, this Court granted Defendant's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. Order of Feb. 9, 2015, ECF 27. The

1   Court gave Plaintiff until March 3, 2015 to file an amended complaint.  *Id.*

2   Plaintiff did not amend his complaint within the time provided and still has not amended it.
3   On March 12, 2015, Defendant filed the present motion to dismiss the action under Federal Rule
4   of Civil Procedure 41(b) for failure to comply with the Court's order.  Motion to Dismiss, ECF 28.
5   Also on March 12, 2015, the parties filed a joint case management statement ("Statement") in
6   advance of a case management conference scheduled for March 19, 2015.  *See* Joint CMC
7   Statement, ECF 29.  The Statement clearly indicated the date of the case management conference
8   and it made express reference to Defendant's pending motion to dismiss based upon Plaintiff's
9   failure to file an amended complaint.  *See id.*

10  The Court held the scheduled case management conference on March 19, 2015.  *See*
11  Minute Entry, ECF 30.  Plaintiff's counsel failed to appear.  *See id.*  Plaintiff's counsel also failed
12  to appear at an ADR telephone conference scheduled for March 19, 2015.  *See* ADR Remark, ECF
13  Unnumbered Entry dated 3/19/2015.  Counsel advised the Court later on March 19, 2015 that he
14  was ill.  Finally, as noted above, Plaintiff failed to oppose Defendant's pending motion to
15  dismiss.[1]

## II.   DISCUSSION

17  Rule 41(b) provides in relevant part that "[i]f the plaintiff fails to prosecute or to comply
18  with these rules or a court order, a defendant may move to dismiss the action or any claim against
19  it."  Fed. R. Civ. P. 41(b).  "Under Ninth Circuit precedent, when a plaintiff fails to amend his
20  complaint after the district judge dismisses the complaint with leave to amend, the dismissal is
21  typically considered a dismissal for failing to comply with a court order rather than for failing to
22  prosecute the claim."  *Yourish v. Calif. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999).  Because a

---

[1] The Court notes that the two most recent case management statements have been filed under the name Martin Cutler as attorney for Plaintiff.  *See* Statement filed Feb. 5, 2015, ECF 25; Statement filed Mar. 12, 2015, ECF 29.  This is concerning because, although Mr. Cutler appears to be associated with counsel of record Mr. Akwo's law firm, Mr. Cutler is not counsel of record.  *See* Civ. L.R. 5-1(c)(2) (requiring that a Notice of Appearance must be e-filed whenever counsel joins a case).  More troubling is that the California State Bar reports that as of March 16, 2015, Mr. Cutler is not authorized to practice law.  Counsel of record, Mr. Akwo, has not communicated with the Court since December 16, 2014.  *See* Stipulation and Proposed Order filed 12/16/2014, ECF 23.

Rule 41(b) dismissal is deemed a sanction for disobedience, a district court must take care not to impose such sanction if the plaintiff has made an affirmative choice to allow the prior Rule 12(b)(6) dismissal to ripen into a final, appealable judgment. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004). A plaintiff has the right to simply allow his or her complaint to be dismissed. *Id.* However, in order to exercise that right, the plaintiff must give the court notice of his or her intent not to file an amended complaint. *Id.* If a plaintiff simply fails to take any action in response to dismissal with leave to amend under Rule 12(b)(6), the proper course is to dismiss under Rule 41(b). *Id.*

The distinction between these two types of dismissal is important. If a plaintiff affirmatively notifies the court of an intent to let a prior Rule 12(b)(6) dismissal ripen into a final, appealable order, the resulting dismissal is subject to *de novo* review on the issue of whether the plaintiff stated a claim upon which relief could be granted. *Edwards*, 356 F.3d at 1065. However, a Rule 41(b) dismissal is subject to review only for abuse of discretion. *Id.* Here, Plaintiff simply failed to take any action in response to the Court's prior dismissal with leave to amend under Rule 12(b)(6). Plaintiff has not given any indication that he wishes to let the Court's prior Rule 12(b)(6) dismissal ripen into a final order. To the contrary, in the Statement filed March 12, 2015, Plaintiff puzzlingly indicated that "[i]f required by this court, Plaintiff will amend its [sic] complaint." Statement at 3, ECF 29. Accordingly, Defendant appropriately has brought a motion to dismiss under Rule 41(b).

"In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 60-61 (9th Cir. 1992) (internal quotation marks and citation omitted); *see also Yourish*, 191 F.3d at 990 (reciting factors). It is preferred, though not required, that the district court make explicit findings showing that it considered these factors; however, the appellate court may review the record independently to determine whether a dismissal was an abuse of discretion. *Ferdik*, 963 F.2d at 1261.

All of these factors except factor 4 – the public policy favoring disposition of cases on their merits – favor dismissal here.  This case has been brought to a standstill by Plaintiff's failure to amend, seek an extension of time to amend, or take any other action in response to the Court's dismissal.  Plaintiff's conduct is thwarting the public's interest in expeditious resolution of the litigation (factor 1).  Plaintiff's conduct likewise has interfered with the Court's need to manage its docket (factor 2), as Plaintiff not only has failed to amend his pleading, but also has failed to appear for a scheduled case management conference, appear for a scheduled ADR telephone conference, or respond to Defendant's motion to dismiss.  Failure to dismiss the action would prejudice Defendant (factor 3), which is entitled to resolution of Plaintiff's claims after demonstrating that those claims lack merit.  Finally, although imposition of a less drastic sanction – *e.g.*, requiring Plaintiff to pay Defendant's costs in bringing the Rule 41(b) motion – may have been appropriate had Plaintiff either appeared at the scheduled case management conference or filed opposition to Defendant's motion, the Court sees little point in imposing such a sanction when Plaintiff has shown no interest in complying with this Court's orders or case schedule.  "The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal."  *Edwards*, 356 F.3d at 1065.

## III.  ORDER

Accordingly, Defendant's motion to dismiss under Rule 41(b) is GRANTED and the action is DISMISSED WITH PREJUDICE for failure to comply with the Court's order.

Dated:  March 30, 2015

_____
BETH LABSON FREEMAN
United States District Judge